UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ZENAIDA and BEN BALLINGER, )<br>      Plaintiffs, )<br> )<br>   vs. )<br> )<br>CASEY'S GENERAL STORE, INC., )<br>      Defendant. ) | 1:10-cv-1439-JMS-TAB |

**ORDER ON DEFENDANT'S MOTION TO EXCLUDE**

**I.  Introduction**

Before the Court is Defendant's motion to exclude the expert testimony of Plaintiff Zenaida Ballinger's treating physicians, Drs. Li Chen and Jared Jones, and physical therapist Peggy Luna. Defendant contends that Plaintiffs never identified Jones and Luna in violation of Federal Rule of Civil Procedure 26(a)(2)(A) and never provided summary disclosures for any of the witnesses in violation of Federal Rule of Civil Procedure 26(a)(2)(C). For the reasons below, Defendant's motion to exclude [Docket No. 41] is granted in part and denied in part.

**II.  Discussion**

    *A.  Rule 26(a)(2)(A)*

Federal Rule of Civil Procedure 26(a)(2)(A) requires that Plaintiffs "disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Based on Plaintiffs' preliminary witness list [Docket No. 30 at 2] and December 8, 2011, disclosure [Docket No. 40 at 2], the only treating physician that Plaintiffs identified was Chen. The witness list and disclosure do not identify Jones or Luna, but only list

1

the names and addresses of medical institutions. [Docket Nos. 30, 40.] Rule 26(a)(2)(A) requires that the "witness" be identified by name; listing the institution in which the witness is associated is insufficient. *Tribble v. Evangelides*, ___ F.3d ___, 2012 WL 245029, at *4–5 (7th Cir. Jan. 26, 2012) ("Rule 26(a)(1) requires, among other things, the disclosure of the names and addresses of fact witnesses."); *Akins-Brakefield v. Philip Envtl. Servs. Corp.*, No. 08-CV-710-DRH, 2010 WL 1856003, at *1 (S.D. Ill. May 10, 2010) ("Under Rule 26(a)(2)(A), a party must, as part of its initial disclosures, identify the names of any expert witness it may use."); *Walton v. Best Buy Co.*, No. 08-CV-15084, 2010 WL 1494612, at *5 (E.D. Mich. Apr. 14, 2010) ("Plaintiff's listing of only the categories for which she may use expert witnesses at trial does not satisfy Rule 26(a)(2)(A)."). Thus, Plaintiffs did not properly identify Jones and Luna.

When a party fails to identify a witness, the party is not allowed to use that witness at trial unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1); *Dynegy Mktg. & Trade v. Multiut Corp.*, 648 F.3d 506, 515 (7th Cir. 2011). Whether such a failure is justified or harmless is left to the broad discretion of the Court. *Dynegy*, 648 F.3d at 515; *Westefer v. Snyder*, 422 F.3d 570, 584 n.21 (7th Cir. 2005). While the Court need not make explicit findings when determining if the failure was substantially justified or harmless, the Court is guided by four factors: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Tribble*, 2012 WL 245029, at *4–5; *Westefer*, 422 F.3d at 584 n.21.

Plaintiffs contend there is no prejudice because even if Jones and Luna were not properly named, listing the medical providers gave Defendant sufficient notice because Defendant "can

readily ascertain and narrow the potential expert witnesses which the Plaintiffs may use."
[Docket No. 48 at 6–7.] However, listing six different medical institutions—each with potentially hundreds of employees—does not put Defendant on sufficient notice. It is also not the Defendant's obligation to ascertain the identity of the opposing party's witnesses; Rule 26(a)(2)(A) places the burden of identification squarely on the party offering the witnesses. Furthermore, the ability to cure the prejudice is minimal since the discovery deadline has passed and extending the deadline would delay the May 14, 2012, trial date.[1] *See Tribble*, 2012 WL 245029, at *4–5 ("Without proper disclosures, a party may miss its opportunity to disqualify the expert, retain rebuttal experts, or hold depositions for an expert not required to provide a report."); *McGowan v. Chapman*, No. 3:09-CV-17-DGW, 2011 WL 5374116, at *3 (S.D. Ill. Nov. 7, 2011) ("The Court finds that Defendant's untimely disclosure and failure to provide reports was harmful to the Plaintiff. Plaintiff had no opportunity to conduct discovery on the experts' opinions or to find rebuttal experts."). Although Plaintiffs supplemented their disclosure on February 14, 2012, one month before the close of discovery, it is unreasonable to have required Defendant to conduct discovery on two belatedly disclosed expert witnesses one month before the close of discovery and nearly two months before trial.

Additionally, there is evidence of bad faith and willfulness on the part of Plaintiffs. Rule 26(a)(2)(A) unmistakably states that the "witness" must be named and there is ample case law emphasizing the rule. *See, e.g.*, *Tribble*, 2012 WL 245029, at *4–5 ("This is a strict but well-founded requirement: 'Knowing the identity of the opponent's expert witnesses allows a

---

[1] "[N]on-expert witness discovery and discovery relating to liability issues shall be completed by September 9, 2011; expert witness discovery and discovery relating to damages shall be completed by March 9, 2012." [Docket No. 20.]

party to properly prepare for trial.'"). Plaintiffs knew who their treating physicians were or at least had easy access to that information. Nonetheless, Plaintiffs failed to identify Jones and Luna in their preliminary witness list and expert disclosure. [Docket Nos. 30, 40.] Plaintiffs even failed to provide their identities after Defendant sent numerous emails to Plaintiffs pointing out that Rule 26(a)(2)(A) requires that the identities of the treating physicians be disclosed. [Docket No. 42, Exs. 1–2.] Plaintiffs knew the rule, failed to comply, and declined to identify the witnesses when confronted by Defendant. Accordingly, Plaintiffs' failure to identify Jones and Luna as required by Rule 26(a)(2)(A) is neither substantially justified nor harmless. Defendant's motion to exclude [Docket No. 41] is therefore granted with respect to Jones and Luna.

  B. *Rule 26(a)(2)(C)*

Federal Rule of Civil Procedure 26 requires that expert witnesses provide certain disclosures to the opposing party. *Coleman v. Am. Family Mut. Ins. Co.*, 274 F.R.D. 641, 644 (N.D. Ind. 2011) ("A treating physician is an expert witness when he testifies about opinions formed during or after treatment of a patient."). Prior to being amended in 2010, Rule 26 required specifically retained expert witnesses to provide formal and detailed disclosures. Fed. R. Civ. P. 26(a)(2). As such, treating physicians not retained to provide expert testimony could usually be deposed or called to testify at trial without any requirement for a written report. *Wallace v. Hounshel*, No. 1:06-CV-1560-RLY-TAB, 2008 WL 2704714, at *1 (S.D. Ind. July 3, 2008).

However, this rule produced a battle ground of litigation over the permissible scope of a treating physician's testimony and whether a treating physician was specifically retained to

4

testify at trial. *See Meyers v. Nat'l R.R. Passenger Corp.*, 619 F.3d 729, 734–735 (7th Cir. 2010) ("[A] treating physician who is offered to provide expert testimony as to the cause of the plaintiff's injury, but who did not make that determination in the course of providing treatment, should be deemed to be one 'retained or specially employed to provide expert testimony in the case,' and thus is required to submit an expert report in accordance with Rule 26(a)(2).'"); *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 n.3 (7th Cir. 2004) ("It is clear that there is some expert testimony in the nature of the treating physician's testimony that does not require a report. But some district courts have suggested that if the Rule 26(a)(2)(A) testimony exceeds the scope of treatment and ventures into more general expert opinion testimony, a report may be necessary."). Consequently, treating physicians who were in a position to offer expert testimony at trial, but who had neither the time nor the inclination to provide a formal expert report, may have been expected to meet the exacting report requirements with which other regularly retained physicians were more accustomed.

To address this dilemma, Rule 26 was amended in 2010 to require "summary disclosures in place of complete expert reports, of the opinions to be offered by expert witnesses who were not retained or specially employed to give expert testimony." Fed. R. Civil P. 26(a)(2)(C); *Coleman*, 274 F.R.D. at 645. As the advisory committee's notes reflect, "[t]his amendment resolves a tension that has sometimes prompted courts to require reports under Rule 26(a)(2)(B) even from witnesses exempted from the report requirement." The committee's notes to Rule 26(a)(2)(C) further explain:

> A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705. Frequent examples include physicians or other health care professionals and employees of a party who do not regularly provide expert testimony.

5

The parties agree that Chen must submit a summary disclosure under Rule 26(a)(2)(C). [Docket No. 42 at 5; Docket No. 48 at 4.] However, the parties disagree whether medical records are sufficient to satisfy Rule 26(a)(2)(C). [Docket No. 42 at 5; Docket No. 48 at 4.] Under Rule 26(a)(2)(C), the summary disclosure must include:

> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

Citing *Valentine v. CSX Transp., Inc.*, No. 1:09–CV–1432–JMS–MJD, 2011 WL 2066705, at *5 (S.D. Ind. May 25, 2011), Plaintiffs claim that medical records are sufficient to satisfy Rule 26(a)(2)(C). However, *Valentine* explicitly states that "Defendant failed to provide any indication as to the expected testimony of any of these witnesses as required by Rule 26." *Id.* Perhaps Plaintiffs misconstrue the court's determination in *Valentine* that the nondisclosure was harmless. *Id.* at *6. But in any event, this case does not stand for the proposition that medical records are sufficient to satisfy Rule 26(a)(2)(C).

In contrast, Defendant cites *Kristensen v. Spotnitz*, No. 3:09-CV-00084, 2011 WL 5320686, at *2–4 (W.D. Va. June 3, 2011), for the proposition that medical records alone do not satisfy Rule 26(a)(2)(C). In *Kristensen*, "Plaintiffs state[d] that they filed the April 28 summaries as a precaution, but that they nevertheless had 'exceeded the requirement' of Rule 26(a)(2)(C) by timely filing the complete medical records of the treating physicians." *Id.* at *2. Examining the definition of "summary," the court opined that "a 'summary' is ordinarily understood to be an 'abstract, abridgment, or compendium . . . .'" *Id.* Consequently, the court held that "Plaintiffs cannot comply with the rule by disclosing the complete records of the treating physicians in issue." *Id.*

6

Similarly, in *Nicastle v. Adams County Sheriff's Office*, No. 10–CV–00816, 2011 WL 1674954, at *1 (D. Colo. May 3, 2011), the defendant's disclosure was merely a citation to 963 pages of documents along with audio recordings and transcripts. The court found that the "[d]esignation of such a prodigious volume of material does not constitute a summary of the facts to which the witnesses will testify within the meaning and requirements of Rule 26(a)(2)(C)." *Id.* According to the court, "a summary is defined as a brief account that states the main points of a larger body of information," and by citing to "a large body of detailed information . . . [defendant] fails to provide anything approaching a brief account or statement of the main facts on which his experts will rely." *Id.*; *see also Certain Interested Underwriters at Lloyd's London v. Cooper*, No. 3:10-CV-01382-JFA, 2012 WL 554577, at *6 (D.S.C. Feb. 21, 2012) (stating that a summary of the subject matter, facts, and opinions to which a witness is expected to testify must be made by the attorney and not the witness).

The foregoing cases are persuasive. The advisory committee's notes to the 2010 amendments to Rule 26(a)(2)(C) are consistent with *Kristensen*'s and *Nicastle*'s definitions of "summary." The advisory committee's notes state that "[t]his disclosure is considerably less extensive than the report required by Rule 26(a)(2)(B)." The committee's notes also state that courts should not require "undue detail" and the disclosure should not include "facts unrelated to the expert opinions the witness will present." Plaintiffs' medical records go beyond a mere summary and discuss facts unrelated to the treating physicians' opinions, such as Zenaida's height, weight, age, and the details of her medical procedure. [*See* Docket No. 48, Ex. 1.] Moreover, while the medical records touch on the subject matter of a treating physician's testimony, the records do not necessarily provide an accurate or complete summary of expected

7

testimony since medical records are not typically created in anticipation that those records would be used as a witness disclosure. Furthermore, allowing a party to "go beyond" the requirements of Rule 26(a)(2)(C) by providing medical records in lieu of a summary would invite a party to dump a litany of medical records on the opposing party, contrary to the rule's attempt to extract a "summary." *See, e.g.*, *Nicastle*, 2011 WL 1674954, at *1 (citing to 963 pages of documents along with audio recordings and transcripts is not a summary). Accordingly, medical records alone do not comply with Rule 26(a)(2)(C).

Nonetheless, expert testimony should not be excluded if the lack of disclosure is substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). With respect to Chen, the prejudice and surprise is minimal since Plaintiffs filed their preliminary witness list on April 30, 2011, putting Defendant on notice of Chen several months before the close of discovery. Moreover, while the medical records do not constitute a summary under Rule 26(a)(2)(C), the records give Defendant a general idea of Chen's personal observations, diagnoses, and treatment. In light of the approaching May 2012 trial date, any prejudice that exists can be cured by limiting Chen's testimony to the subject matter contained in the medical records and formed during the course of treatment. *See Crabbs v. Wal–Mart Stores, Inc.*, No. 4:09–CV–00519, 2011 WL 499141, at *2 (S.D. Iowa Feb. 4, 2011) ("In the absence of Rule 26(a)(2)(C) summaries, the opinion testimony of [the] treating physicians . . . will be limited to the subject matter of their treatment as disclosed in the medical records and to opinions formed in the course of the treatment provided by them.").

Defendant does not dispute that personal observations, diagnoses, and treatment are contained in the medical records and stem from the course of treatment. However, Defendant

challenges Plaintiffs' claim that "causation is as plain as day contained within the medical records." [Docket No. 48 at 9.] Chen's records only state that the "patient is a 49-year-old female who slipped and fell." [*See* Docket No. 48, Ex. 1.] Nothing in the records indicate that Chen reached a conclusion as to causation during the course of treatment. Most likely, Chen simply wrote down what Zenaida said happened to her. This is why a Rule 26(a)(2)(C) summary is important: it clarifies the expected testimony of a witness and the bases for the conclusions.[2] To blindly spring causation testimony on Defendant two months before trial without the benefit of any explanation or discovery is therefore extremely prejudicial.

While Plaintiffs could provide a belated summary describing the causation testimony, that leaves Defendant little time to find a rebuttal witness and no room to depose Chen on the subject of causation now that discovery is closed. *See Tribble*, 2012 WL 245029, at *5 ("Without proper disclosures, a party may miss its opportunity to disqualify the expert, retain rebuttal experts, or hold depositions for an expert not required to provide a report."); *McGowan*, 2011 WL 5374116, at *3 ("The Court finds that Defendant's untimely disclosure and failure to provide reports was harmful to the Plaintiff. Plaintiff had no opportunity to conduct discovery on the experts' opinions or to find rebuttal experts.") Also, while allowing additional discovery

---

[2]As noted, a treating physician offered to provide expert testimony as to causation, "but who did not make that determination in the course of providing treatment," was deemed to be "'retained or specially employed to provide expert testimony in the case,' and thus . . . required to submit an expert report in accordance with Rule 26(a)(2)[(B)].'" *Meyers*, 619 F.3d at 734–35. However, after *Myers* was decided, Rule 26 was amended to include subpart C. *Coleman*, 274 F.R.D. at 645 (stating that *Myers* no longer applies in light of the summary disclosure requirement). *But see McAllister v. Town of Burns Harbor*, No. 2:07-CV-141-JVB, 2011 WL 4916566, at *2 n.1 (N.D. Ind. Oct. 13, 2011) ("The Court cannot conclude, on the basis of the Committee Notes, that *Meyers* is no longer valid."). Even if the Court took the *McAllister* approach, it would not change the result in this case since Plaintiffs also did not provide any sort of Rule 26(a)(2)(B) disclosure.

could potentially cure the prejudice, any additional discovery would likely interfere with the quickly approaching trial date. Thus, to cure the prejudice to Defendant, Chen should not be permitted to testify to causation. Defendant's motion to exclude is therefore granted to the extent that Chen's testimony is limited to personal observations, diagnoses, and treatment contained in the medical records and formed in the course of treatment.

### III. Conclusion

For the reasons above, Defendant's motion to exclude [Docket No. 41] is granted in part and denied in part. Jones and Luna are excluded from testifying. Chen's testimony is limited to personal observations, diagnoses, and treatment contained in the medical records and formed in the course of treatment.

Dated: 03/29/2012

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Ryan Bruce Bowers
BARNES & THORNBURG LLP
ryan.bowers@btlaw.com

Sarah Jane Graziano
HENSLEY LEGAL GROUP
sgraziano@hensleylegal.com

Matthew S. Winings
BARNES & THORNBURG
mwinings@btlaw.com